IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Civil Action No. 1:18-cv-52

| | |
|---|---|
| SHELBY LYNN CASH, and ) | |
| BETTY JOE CASH BAYNE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Response to Plaintiffs' |
| ) | Motion to Amend Complaint |
| LEES-MCRAE COLLEGE, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

Defendants, Lees-McRae College, Inc., Jon Driggers, Jeffrey Merrill, and Josh Gaisser, through undersigned counsel, oppose Plaintiff's Motion For Leave To File Amended Complaint (DE 18) as the proposed amendment is futile.

The court has discretion to deny a motion for leave to amend under Fed. R. Civ. P. 15(a)(2) where the proposed amendment is futile in that it will not change the complaint's failure to state a claim. *E.g., Balas v. Huntington Ingalls Industries, Inc.*, 711 F.3d 401, 409-10 (4th Cir. 2013). Although Plaintiffs have multiplied the proceedings by simultaneously defending their original complaint, (DE 19), and moving

1

for leave to file a new complaint at the same time, (DE 18), leave to file the proposed amended complaint should be denied as futile where it likewise fails to state a claim. Plaintiffs do not make any change that would alter the original complaint's deficiencies as to Counts I, III, IV, and V. As to the one new count in the proposed complaint, (DE 18-1 at 17), it also fails to state a claim because it does not allege every essential element of the Americans with Disabilities Act claim Cash seeks to add.[1] Defendants respectfully request that the motion for leave to file the proposed amended complaint be denied as futile and the Court proceed to dismiss the case with prejudice.

## Counts I, III, IV, and V All Continue To Fail To State A Claim

Plaintiffs assert that the proposed amended complaint "reflects a number of relatively minor but streamlining changes to the allegations, which should simplify this Court's consideration of the causes of action," (DE 18 at 2), and that besides adding an ADA claim, the "other changes clarify factual allegations," (*id.* at n.1). The "streamlining changes," apparently refers to Plaintiffs' dismissal of Defendant Andrew Taylor,

---

[1] Cash omits any discussion of Title III law in the motion for leave to amend beyond stating her ADA claim is "well justified by the facts and case law," (DE 18-1 at 4). Because Lees-McRae is a private school, the only available ADA claim is under Title III.

2

withdrawal of Cash's cause of action under 42 U.S.C. § 1983, and withdrawal of both Plaintiffs' claims for intentional infliction of emotional distress from the original complaint. Further, Plaintiffs contend that filing the proposed amended complaint will cause no prejudice because (apart from adding the ADA claim), the amendment merely "clarifies the Plaintiffs' [sic] Title IX cause of action, eliminates one state tort cause of action and dismisses one Defendant." (DE 18 at 4). Thus, Plaintiffs maintain that other than the addition of the ADA claim, the proposed amended complaint is not substantively different than the original complaint. Accordingly, these claims all fail to state a claim upon which relief may be granted for all the same reasons as the prior complaint, (DE 4, 13, 15), and Defendants incorporate their response to Plaintiffs' objections to the Memorandum and Recommendation of the United States Magistrate Judge, as well as Defendants' prior briefing on these issues, (DE 4, 13), herein. An amendment which fails to resolve the deficiencies identified in the earlier complaint is futile where it provides for merely cosmetic changes to a faulty pleading. *E.g.*, *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 200 (4th Cir. 2014).

## Cash Fails To Plausibly Plead A Title III ADA Claim

The only new claim included in the proposed amended complaint is an ADA claim on behalf of Cash in Count II. (DE 18-1 at 17). Cash offers one factual basis for this claim: That Defendants knew of and "failed to accommodate" her social anxiety disorder. (*Id.*). Taken as true, this does not amount to a Title III claim against Lees-McRae. To plead and prove a Title III claim, a plaintiff must establish: 1) that she has a disability, 2) that she is otherwise qualified to participate in the school's program, and 3) she was excluded from the program on the basis of her disability. *Halpern v. Wake Forest Univ. Health Sciences*, 669 F.3d 454, 461 (4th Cir. 2012). For the purpose of this motion, there is no dispute that social anxiety disorder can be a disability, *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 574 (4th Cir. 2015). As to the second element, the plaintiff may plead that she would have been able to participate with the benefit of a reasonable accommodation on account of her disability, but the plaintiff must have requested such an accommodation. *Halpern*, 669 F.3d at 465 (*citing Kaltenberger v. Ohio College of Podiatric Medicine*, 162 F.3d 432, 437 (6th Cir. 1998)).

As to the third element, while the standard is lower than a claim under the Rehabilitation Act, a Title III plaintiff must plausibly plead facts showing that her disability was "'a motivating cause'" in her exclusion from the school program. *Halpern*, 669 F.3d at 462 (*quoting Baird v. Rose*, 192 F.3d 462, 468-69 (4th Cir. 1999)). Cash fails on both the second and third elements, and accordingly, granting leave to amend would be futile.

Cash does not allege she was denied access from, or a meaningful opportunity to participate in the Title IX hearing on account of her disability. Indeed, Cash alleges that she participated, that her mother attended with her, that she called witnesses, and that she successfully appealed the panel's decision. Cash does not allege she requested any accommodation during the hearing, which is essential to make out a Title III claim. Defendants are unaware of any case in which the complaining student in a Title IX hearing sought to combine a Title III claim for failure to provide a reasonable accommodation. Given the limited authority on Cash's novel theory, the decision in *Pierre v. Univ. of Dayton*, 2017 WL 1134510, (S.D. OH. March 27, 2017), is instructive. Pierre lost a Title IX disciplinary hearing, and filed suit against the

5

university for violating his rights under Title IX by suspending him until the end of the semester, and under Title III for failing to accommodate his disability during the hearing itself. *Id.* at *1. In dismissing the Title III claim, the district court held that the student's failure to request an accommodation was dispositive, notwithstanding that one component of the university had knowledge of his disability and that the student raised a request for an accommodation in appealing the disciplinary hearing decision. *Id.* at *10; *see also Norwood v. Oak Hill Academy*, 2017 WL 8315919, *5 (W.D.Va. Dec. 22, 2017) (dismissing Title III claim where the "complaint fails to allege any reasonable accommodations requested by [plaintiffs].").[2]

Moreover, Cash has not plausibly alleged that Cash's social anxiety disorder motivated any adverse action. Indeed, Cash's claim is that Lees-McRae did not take action based on her disability, not that that they took some adverse action because of her disability. *See Norwood*, 2017 WL 8315919, *5 (where complaint alleged that school's actions were taken "*despite* her alleged disabilities," not because of

---

[2] Similarly to Cash's deficient breach of contract claim, to the extent the complaint could be read to suggest that access to therapy would have been a reasonable accommodation during the two weeks in which this matter occurred, she did receive that accommodation, and her complaint clearly shows that Cash knew to request that reasonable accommodation during her application and admission process.

6

them, complaint failed to establish disability was a motivating cause in support of Title III claim). Cash alleges only (albeit repeatedly), (DE 18-1 at 2, 6, 7, 12, 17), that Defendants knew of her disability, but that knowledge by itself is not sufficient to plausibly plead discrimination of any kind. Iqbal, too, pled that the Defendants knew he was Arab, Muslim, and a Pakistani national, but that was not sufficient to plausibly plead discriminatory intent on the ground of race, religion, or national origin. *Ashcroft v. Iqbal*, 556 U.S. 662, 680-83 (2009).

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court deny plaintiffs' motion for leave to amend the complaint.

Respectfully submitted, this the 5th day of October, 2018.

CRANFILL SUMNER & HARTZOG LLP

/s/ *Katie Weaver Hartzog*
KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@cshlaw.com
CARL NEWMAN
N.C. State Bar No. 52943
E-mail: cnewman@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: 919/828-5100
*Attorneys for Defendants*

7

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2018, I electronically filed the foregoing *Response to Plaintiffs' Motion to Amend Complaint* with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record below:

    Stephen P. Lindsay
    E-mail: spl@suttonlindsay.com
    Kerstin Walker Sutton
    E-mail: kws@suttonlindsay.com
    Sutton & Lindsay, PLLC
    46 Haywood Street, Suite 200
    Asheville, NC 28801

                              CRANFILL SUMNER & HARTZOG LLP

                              /s/ *Katie Weaver Hartzog*
                              KATIE WEAVER HARTZOG
                              N.C. State Bar No. 32989
                              E-mail: khartzog@cshlaw.com
                              CARL NEWMAN
                              N.C. State Bar No. 52943
                              E-mail: cnewman@cshlaw.com
                              Post Office Box 27808
                              Raleigh, North Carolina 27611-7808
                              Telephone: 919/828-5100
                              *Attorney for Defendants*