**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00052-MR-WCM**

| | | |
|---|---|---|
| **SHELBY LYNN CASH, and BETTY JOE CASH BAYNE,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **O R D E R** |
| **LEES-MCRAE COLLEGE, INC.; JON DRIGGERS; JEFFREY MERRILL; JOSH GAISSER; and ANDREW TAYLOR;** | ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

      **THIS MATTER** is before the Court on the Defendants' Motion to Dismiss Complaint [Doc. 3]; the Magistrate Judge's Memorandum and Recommendation (M&R) regarding the disposition of the Defendants' Motion to Dismiss [Doc. 15]; the Plaintiffs' Motion for Leave to File Amended Complaint [Doc. 18]; and the Plaintiffs' Objections to the M&R [Doc. 19].

## I. PROCEDURAL BACKGROUND

      On March 5, 2018, the Plaintiffs Shelby Lynn Cash ("Cash") and Betty Joe Cash Bayne[1] initiated this action against the Defendants Lees-McRae

_____

[1] Plaintiff Bayne is Cash's mother.

College, Inc. ("Lees-McRae"), Jon Driggers, Jeffrey Merrill, Josh Gaisser, and Andrew Taylor, asserting claims for: (1) violation of Title IX, 20 U.S.C. § 1681, et seq., as to the Defendant Lees-McRae; (2) claim under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment's Equal Protection Clause arising from the Defendant Lees-McRae's failure to train and/or supervise agents and/or employees on sexual misconduct claims; (3) breach of contract; (4) negligence/gross negligence as to all the Defendants; and (5) negligent or intentional infliction of emotional distress as to all the Defendants. [Doc. 1]. On May 18, 2018, in lieu of an answer, the Defendants filed a motion to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 3].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendants' motion and to submit a recommendation for its disposition. On August 13, 2018, after the matter was fully briefed [Docs. 4, 9, 13], the Magistrate Judge filed a M&R containing conclusions of law in support of a recommendation regarding the motion to dismiss. [Doc. 15]. The Magistrate Judge recommended that the Defendants' motion to dismiss be granted under Rule 12(b)(6) and that the case be dismissed with prejudice. [Id. at 36]. The parties were advised that

any objections to the Magistrate Judge's M&R were to be filed in writing within fourteen (14) days of service. On August 28, 2018, the Court granted the Plaintiffs an extension of time to file objections to the M&R to September 10, 2018. [Doc. 17]. On September 6, 2018, *after* the M&R issued recommending dismissal, the Plaintiffs moved for leave to file an Amended Complaint. [Doc. 18]. The Defendants responded in opposition to this motion. [Doc. 21]. On September 10, 2018, the Plaintiffs filed objections to the Memorandum and Recommendation. [Doc. 19]. The Defendants in turn filed their response to the Plaintiffs' objections. [Doc. 22].

Having been fully briefed, these matters are ripe for disposition.

## II.    STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to make a <u>de novo</u> determination only of those portions of the Magistrate Judge's Recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1); <u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007) ("to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). The Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusion of the magistrate judge to

which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

### A. The Plaintiffs' Objections to the Memorandum and Recommendation

The Plaintiffs' objections consist primarily of a protracted restatement of "facts" previously asserted, unsupported by any citations to the record, together with sporadic assessments of the Magistrate Judge's M&R. The filing, however, does not identify any specific error in the Magistrate Judge's proposed conclusions of law. These kinds of objections do not warrant a de novo review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

4

In any event, after careful review of the M&R, the Court finds that the Magistrate Judge's conclusions are consistent with current case law. Accordingly, the Court hereby overrules the Plaintiffs' Objections and accepts the Magistrate's Judge's recommendation that the Defendants' Motion to Dismiss be granted pursuant to Rule 12(b)(6) due to the Plaintiffs' failure to state a claim.

**B.     The Plaintiffs' Motion to Amend**

After the Magistrate Judge issued his M&R on the Defendants' Motion to Dismiss, the Plaintiffs moved for leave to file an Amended Complaint. The Plaintiffs contend that such an amendment is warranted to allow the Plaintiffs to (1) clarify the Plaintiffs' Title IX cause of action, eliminate one state tort cause of action, and dismiss one Defendant, all in the interests of justice and judicial economy and to (2) add a "parallel claim" under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. [Doc. 18 at 3].

A party may amend its own pleading once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). In all other cases, a party may amend only with the consent of the opposing party or with leave of Court. Fed. R. Civ. P. 15(a)(2). Ordinarily, the Court "should freely give leave when justice so

requires." Id.; Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

While leave should be freely given, the Court in its discretion may deny a

motion to amend where there has been "a showing of prejudice, bad faith,

futility, or dilatoriness associated with the motion." Sandcrest Outpatient

Servs., P.A. v. Cumberland County Hospital Sys., Inc., 853 F.2d 1139, 1148

(4th Cir. 1988) (quoting Ward Elec. Serv. v. First Comm. Bank, 819 F.2d 496,

497 (4th Cir. 1987)). Moreover, where a motion to amend is filed to

circumvent a dispositive motion, leave to amend need not be granted. See

Googerdy v. N.C. Agric. and Technical State Univ., 386 F.Supp.2d 618, 623

(M.D.N.C. 2005).

In the instant case, the Plaintiffs had twenty-one days from the filing of

the Defendants' motion to dismiss to file an amended complaint as of right

and to address any pleading deficiencies identified by the Defendants in their

motion. See Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right

to do so, the Plaintiffs elected not to amend their Complaint within that time.

The Plaintiffs chose instead to defend their Complaint as filed, and thus the

Court was put to the task of addressing the motion to dismiss on its merits.

In doing so, the Magistrate Judge conducted an exhaustive and thorough

analysis of each of the Plaintiffs' causes of action. After carefully analyzing

each of the Plaintiffs' claims and supporting factual allegations, the

Magistrate Judge issued his recommendation that the Defendants' motion to dismiss be granted in its entirety.

The Plaintiffs' motion to amend was filed in an obvious attempt to circumvent the recommendation of the Magistrate Judge. <u>See</u> <u>Googerdy</u>, 386 F.Supp.2d at 623. To allow the Plaintiffs to amend their Complaint at this stage of the proceedings, after the Magistrate Judge has issued a formal recommendation regarding the disposition of a dispositive motion, would not only prejudice the Defendants, who have expended the time and expense of fully briefing a motion to dismiss, but would also "encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion…." <u>Glazer v. Chase Home Finance LLC</u>, No. 1:09CV1262, 2010 WL 1391318, at *1 (N.D. Ohio Mar. 31, 2010). More importantly, allowing such an amendment would "impermissibly place a federal judge in the position of rendering advisory opinions." <u>Id.</u> The referral of a dispositive motion to the Magistrate Judge for a recommendation as to its disposition is not intended to provide the parties with an advisory ruling on the sufficiency of their pleadings. Rather, it is a mechanism by which the Magistrate Judge evaluates the merits of a dispositive motion and makes a recommendation as to the District Court regarding its disposition. Once the Magistrate Judge has made a

recommendation, the parties must file properly supported objections in order to obtain *de novo* review by the District Court. See Orpiano, 687 F.2d at 47. The Plaintiffs' proposed amendment, however, would render this entire procedure a nullity and "would wreak havoc on the judicial system by adding substantial delay and undermining the Federal Rules of Civil Procedure." Googerdy, 386 F.Supp.2d at 623.

Moreover, even if the Plaintiffs were permitted to circumvent the Magistrate Judge's recommendation by amending their Complaint, the Court would still deny the Plaintiffs' proposed amendments as futile. The only additional claim Plaintiffs seek to include is for violation of Title III of the ADA, 42 U.S.C. § 12101, et seq. [Doc. 18-1 at 17]. To prove a claim for violation of the ADA in the context of a student excluded from an educational program, a plaintiff must establish that (1) she has a disability, (2) she is otherwise qualified to participate in the defendant's program, and (3) she was excluded from the program on the basis of her disability. Halpern v. Wake Forest University Health Sciences, 669 F.3d 454, 461 (4th Cir. 2012).

For a plaintiff to be considered otherwise qualified to participate in the defendant's program, she must have "provided a proper diagnosis [to the school] … and requested specific accommodation." Halpern, 669 F.3d at 464 (citing Kaltenberger v. Ohio College of Podiatric Medicine, 162 F.3d 432,

437 (6th Cir. 1998)). In the proposed amendment there is no allegation that Plaintiff Cash made any request for specific accommodation relative to the investigation of her claims or to the conduct of the Title IX hearing. As such, the Plaintiffs' proposed Amended Complaint fails to plead facts in support of the second element of a Title III ADA claim. Further, to satisfy the third element of an ADA claim for failure to accommodate, a plaintiff must plead facts showing that the disability was "a motivating cause" of the exclusion from the program. Halpern, 669 F.3d at 462 (citing Baird ex rel. Baird v. Rose, 192 F.3d 462, 468-69 (4th Cir. 1999)). There is no allegation in the proposed amendment that Plaintiff Cash's disability was "a motivating cause" of an exclusion or, for that matter, that an exclusion even occurred in the first place. Rather, the Plaintiffs allege that the Defendants "declined to protect her from weeks-long episodes of harassment, stalking, and intimidation" and "exposed her to a hostile mob at the disciplinary hearing." [Doc. 18-1 at ¶¶ 105-106]. While the Court certainly does not condone the actions that are alleged, even if such allegations were true, they do not give rise to a claim for the violation of the ADA.

The remaining claims in the proposed Amended Complaint necessarily fail for the same reasons as outlined by the Magistrate Judge in the M&R and as accepted by this Court.

For these reasons, the Plaintiffs' motion for leave to file an amended complaint is denied.

## IV. CONCLUSION

For the reasons stated herein, the Court hereby accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss be granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Objections to the Memorandum [Doc. 19] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 15] is **ACCEPTED**; and the Defendants' Motion to Dismiss [Doc. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion for Leave to File an Amended Complaint [Doc. 18] is **DENIED**.

The Clark shall enter a judgment simultaneously herewith.

**IT IS SO ORDERED.**

Signed: January 22, 2019

Martin Reidinger
United States District Judge